CHARLES E. SMITH v. JOHN C. ROGERS, *Executor of Emma J. Rogers, Deceased.*

PARENT AND CHILD; *Step-children.* It is well settled, that in the absence of statutes, a person is not entitled to the custody and earnings of step-children, nor bound by law to maintain them. Yet, if a step-father voluntarily assumes the care and support of a step-child, he stands *in loco parentis;* and the presumption is, that they deal with each other as parent and child, and not as master and servant—in which case the ordinary rule of parent and child will be held to apply, and neither compensation for board is presumed on the one hand, nor for services on the other.

*Error from Shawnee District Court.*

ACTION on an account brought by *Smith* against *Rogers,* as executor of the estate of Emma J. Rogers, deceased. The facts appear in the opinion. Trial at the May Term, 1879, of the district court, and judgment for the defendant. The plaintiff brings the case to this court.

*Hentig & Sperry,* for plaintiff in error.

*A. B. Jetmore,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the plaintiff in error, in the probate court of Shawnee county, on an ac-

count against the defendant in error, as executor of the estate
of Emma J. Rogers, deceased, who at the time of her death
was the wife of the defendant in error. When the said Emma
J. Rogers was seven years of age, her mother intermarried
with plaintiff in error, and said Emma J., with her brother,
lived with her mother and step-father as one of the family,
working and discharging the duties of a child, without any
contract or understanding that she was to be paid for her la-
bor, or that she was to pay for her maintenance. After she
became of age, she married the defendant, and soon after her
marriage, died. The account of plaintiff in error is for board
and clothing, furnished to the said Emma J., his step-child,
while she was a minor. The plaintiff proved his account in
accordance with the facts above stated, and rested: whereupon
the defendant in error moved the court for judgment upon
the pleadings and evidence, which motion was sustained by the
probate court. The plaintiff took the case to the district court.
on petition in error, where the judgment of the probate court
was affirmed, and the plaintiff now brings the case to this
court for review.

The only errors complained of by the plaintiff in error as
occurring in either the probate court or the district court,
are as follows: *First*, The court erred in sustaining the motion
of the defendant for judgment. *Second*, The said judgment
was given for the said defendant, when it ought to have been
given for the said Charles E. Smith, according to the law of
the land.

Did either court commit any substantial error? For the
purposes of this case, we shall suppose that the plaintiff in
error has so preserved his exceptions to all questioned rulings
of the courts below, and so got his case into this court, that
we may hear and determine the case upon its merits; but this
supposition is extremely favorable to the plaintiff in error.
Upon the merits of this case, we think the plaintiff in error
must fail. He cannot recover for the board, clothing, etc.,
for which he has charged. During all the time while he was

furnishing such board, etc., he stood *in loco parentis* toward the said Emma J. Rogers, then Emma J. Hill. They sustained the relation toward each other of substantially parent and child. When said Emma J. was only seven years old, and living with her mother, Mrs. Susannah Hill, the plaintiff married the mother and took the child along with the mother to live with him; and from that time on, for about twelve years, the girl lived with her mother and the plaintiff as one of their family, receiving boarding, clothing, schooling, etc., and performing services as one of the family with no thought or expectation on the part of any one that anybody should give or receive any other or further compensation for these mutual benefits and services. When the girl was about nineteen years old, she married the defendant, and soon afterward died. The defendant having been appointed her executor, the plaintiff commenced this action in the probate court against him, with the result aforesaid.

We think the decisions of the courts below were correct. We think Mr. Schouler in his work on the Domestic Relations, (p. 378,) states the law governing this case very correctly. His language is as follows: "It is well settled that in the absence of statutes, a person is not entitled to the custody and earnings of step-children, nor bound by law to maintain them. Yet, if a step-father voluntarily assumes the care and support of a step-child, he stands *in loco parentis;* and the presumption is, that they deal with each other as parent and child, and not as master and servant — in which case the ordinary rules of parent and child will be held to apply, and neither compensation for board is presumed on the one hand, nor for services on the other." We do not think that the plaintiff is entitled to recover in this case, and hence the judgment of the court below must be affirmed.

All the Justices concurring.