Greenwell v. Greenwell.

---

ROBERT GREENWELL v. DORCAS GREENWELL.

CONTRACT, *Not Implied.* A mother who has been a widow for more than twenty years, and who during that time has lived with her children, several of whom reside in Kansas, lived a long time with one of her sons, as a part of his family. He furnished her board and washing, and she assisted so far as she could — she being old and feeble — in the ordinary household duties. There was no agreement, contract, promise or understanding between the mother and son that either should pay anything additional for anything that was furnished or performed by the one for the other. The son sued the mother for the board and washing furnished by him to her. *Held,* That the law will not imply any contract or promise that the mother should pay the son for such board and washing, although the board and washing may be worth much more than all the services performed by her for him; and *further held,* that the mother is not liable to the son for such board and washing.

*Error from Johnson District Court.*

AT the March Term, 1882, of the district court, defendant *Dorcas Greenwell* had judgment against plaintiff *Robert Greenwell,* who brings the case here. The opinion states the facts.

*E. B. Gill,* for plaintiff in error:

1. The first special instruction given for defendant is erroneous.

Did the fact that defendant is the mother of plaintiff, and lived at his house without a special contract to pay board, even though she might have assisted in performing some of the household duties, constitute her a member of his family? There has been some diversity of opinion among the authorities as to what constitutes a family, but we believe it to be the settled law now, that a family is a community of persons dwelling together under the management and control of one of their number who is the "head of the family," and who is bound either legally or morally to support the others, they being dependents. (Thompson on Homesteads, §§ 44, 45, 46; Freeman on Executions, § 222.)

In order to constitute the defendant a member of plaintiff's family, she must have been under the control of plaintiff, (11 Iowa, 228,) and the proceeds of her labor should have gone into his hands as a common fund for the support of the family, of which she was a member, and she should have been dependent upon plaintiff for her support. (Thompson on Homesteads, § 46; 4 Ala. 554; 17 id. 488; 51 How. Pr. 45; 32 Gratt. 18; 34 Am. Rep. 762.)

The relationship of members of the same family, with the plaintiff as the head, must exist in order to rebut the presumption of any obligation or promise on the part of the defendant to pay plaintiff a reasonable compensation for her board. (22 Mo. 439; 27 id. 543; 5 Kas. 419; 29 Wis. 278.)

2. But granting that defendant was a member of plaintiff's family, or, as the instructions put it, "lived with her son as a part of his family," it does not follow as a matter of law, that there was *no implied* contract for her to pay board, or that the plaintiff was bound to support her without compensation. (Schouler's Domestic Relations, 365; 16 Johns. 281; 45 N. H. 558; 32 Conn. 142; 22 Mo. 448.)

The law will not *imply* a promise to pay, but it is a question for the jury, taking into consideration all the circum-

stances including the nature and degree of the relationship, and the circumstances in life of the parties, whether there was an *implied contract* for compensation. (41 Mo. 441; 19 id. 435; 55 id. 99; 15 Pick. 130; 18 Ill. 296; 82 id. 215.)

3. The second special instruction given by the court on behalf of the defendant, is certainly erroneous and misleading. According to this instruction as modified and given, each year's board would be barred by the statute of limitations, in three years thereafter, without reference to the time suit was brought, or that payments were made, or acknowledgments in writing of the existence of the debt, although the original contract for board may not have been in writing. It is only necessary to refer to our statute of limitations to show the errors of this instruction.

The third instruction given on behalf of defendant is not warranted by the evidence.

*Burris & Little,* for defendant in error:

Plaintiff complains of the first instruction given for the defendant. This instruction was drawn under the decision of our own supreme court, and is in harmony with the great weight of authority upon this proposition. (5 Kas. 419; 2 Am. Law Reg. 434; 3 N. Y. 312.)

Plaintiff in his petition claimed the sum of seventy-five dollars per year. Now if seventy-five dollars was due at the end of each year, a right of action accrued and would be barred by the statute of limitations in three years, if the promise was not in writing, and hence there is no error in the second instruction given for defendant.

Plaintiff undertook to show that during the time his mother lived with him she had paid small sums of money and furnished articles toward her board; but defendant testified that she had simply given some money to her son and furnished these articles as presents to the children, and that she had no thought of applying them toward her board, as this was amply paid by her labor and waiting upon the plaintiff's large

family of children. Hence we contend there is no error in the third instruction given for defendant.

The evidence shows that neither ever intended to charge the other for the labor performed or the provision furnished, and that the case falls clearly within that great class of cases wherein the law prohibits recovery on an implied promise to pay.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Robert Greenwell against Dorcas Greenwell, for compensation for boarding the defendant and washing for her for twelve years, from January 1, 1867, up to January 1, 1880, at the rate of $75 per year, amounting to $900.

The defendant answered the plaintiff's petition, denying generally the allegations of the plaintiff's petition; also setting up the three-years statute of limitations, and also setting forth that she was the mother of the plaintiff, and that during the time for which he claims compensation for boarding and washing, she lived with him as a part of his family, without any agreement, contract, promise or understanding that she should pay anything for her board or washing; that during the time that she so lived with him, she performed services for her son, and that neither intended to charge the other for anything done or performed by the one for the other.

The case was tried before the court and a jury, and the defendant's evidence would seem to sustain her view of the case, while the plaintiff's evidence would scarcely contradict it. The court gave general instructions to the jury, as well as special instructions asked for by the parties. The plaintiff asked the court to give the following special instruction:

"1. If the jury find from the evidence that the defendant has lived in the family of the plaintiff and has had her boarding and washing done and furnished by the plaintiff and his family, and that there was no contract or agreement between the plaintiff and defendant, and as to how much defendant should pay plaintiff for said boarding and washing, then I charge you that the law is, that there was an implied contract

that the defendant was to pay plaintiff what said boarding and washing were reasonably worth for the time said defendant so boarded at plaintiff's house; and you will so find for plaintiff such reasonable compensation not to exceed the amount claimed in plaintiff's petition."

The court gave this instruction to the jury, but modified the same by adding the following thereto, to wit:

"The rule above applies, unless the jury find from the evidence that defendant lived with her son as a part of his family."

The plaintiff duly excepted to the modification.

The defendant asked the court to give the following instructions:

"1. If the jury find from the evidence that the defendant is the mother of the plaintiff, and for the time mentioned in plaintiff's petition the defendant lived with the plaintiff as one of his family, assisting in performing the ordinary duties of the household, and there was no express contract that the defendant was to pay for her board and washing, and no understanding by either party that such board and washing were to be paid for, then I charge that as between mother and son there is no implied promise to pay for such board and washing, and the plaintiff cannot recover in this case.

"2. I charge you that if you find from the evidence that the defendant did not promise in writing to pay the plaintiff for the board and washing mentioned in plaintiff's petition, then I charge you that the value of each year's board and washing would be barred by the statute of limitations in three years from the time such board and washing became due, and the plaintiff cannot recover for those years."

This was modified by the court, by adding the following:

"The jury will find from the evidence whether the board became due at the end of each year.

"3. I charge you that a gift from the defendant to the plaintiff of money or property cannot be applied on an account to take it out of the statute of limitations."

The plaintiff duly excepted to these instructions.

The jury found a verdict in favor of the defendant and against the plaintiff, and the court below rendered judgment accordingly; and the plaintiff now brings the case to this

court, and asks that the judgment of the court below be reversed.

The plaintiff claims in this court that the court below committed material and substantial error in giving the instructions above quoted. We think, however, that the instructions are right, and that they fairly come within the principle enunciated in the case of *Ayres v. Hull*, 5 Kas. 419. See also, authorities cited in briefs of counsel.

In addition to the facts already stated, we would mention that the plaintiff's mother has been a widow for more than twenty years, and that during this time she has lived with her children, several of whom reside in Kansas; that she is very old and feeble, and not able to perform very much work; but still, during the time that she lived with the plaintiff, she assisted, so far as she could, in the ordinary household duties; and there was no understanding on the part of either that either should receive any other or additional compensation from the other. For the last two years the relations existing between the plaintiff and his mother have not been very pleasant. They have not been the best of friends; and hence this and other litigation between them. (*Greenwell v. Greenwell*, 26 Kas. 530; *Greenwell v. Greenwell*, ante, p. 413.)

The judgment of the court below will be affirmed.

All the Justices concurring.