FRY et ux., Respondents, v. FRY, etc., Appellants.

St. Louis Court of Appeals, May 8, 1906.

1. **CONTRACTS: Gratuitous Services: Declarations.** Where a son and daughter-in-law rendered service to one deceased in his lifetime, in an action for compensation for such services, against his estate, the proof of declarations made by the deceased in the presence of the daughter-in-law that she and her husband ought to be paid for the work and care and that he would pay them, was sufficient to submit to the jury the issue of whether the services were rendered gratuitously because of the relationship between the parties or on an understanding that the parties were to be compensated.

2. ———: ———: ———: **Implied Contract.** It is not necessary in such case to prove a contract in all its terms for compensation; an agreement that the services were not gratuitously rendered, but were to be rewarded may be inferred from circumstances, and this is what is meant when the expression "implied contract" is used in the decisions.

3. ———: ———: **Presumption.** The fact that deceased in such case paid his son and daughter-in-law for his board did not raise the presumption that the payment covered also compensation for the care which they gave him on account of his sickness and helpless condition.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*Geo. Robertson* for appellants.

*O. Hitt* for respondents.

GOODE, J.—This case arose in the probate court and is a demand against the estate of Andrew J. Fry, Sr., deceased. As originally presented the demand included a claim for services rendered to the deceased in looking after his business interests and also for boarding him during three years and eight months prior to his death. The latter item of the demand was disclaimed at the trial in the circuit court and an instruction was given withdrawing from the jury any claim for attention given by plaintiffs to the business interests of the deceased. The demand submitted to the jury contained no item except for plaintiffs' services in attending and nursing deceased in the illness preceding his death. Plaintiffs are the son and the daughter-in-law of the deceased, who resided in their home for a considerable period prior to his death. Deceased was greatly afflicted during that time with an illness which rendered the care of him a trying ordeal, but he was attended to well by plaintiffs. He paid his board while living with them, but paid nothing for nursing and attention, though it conclusively appears from the record that he thought the services of plaintiffs in that regard deserved remuneration and intended to remunerate them. He often said to visitors that plaintiffs were doing everything they could for him, ought to be paid for their care and he would pay them. There was some evidence going to show plaintiffs expected remuneration and that there was an understanding between the deceased and them that they were to be paid. This testimony consisted of

declarations made by the deceased in the presence of Mrs. Fry that she and her husband ought to be paid for their work and care and he would pay them. The statements made by the deceased regarding the meritorious nature of plaintiff's services, their right to be paid and his purpose in the matter, cannot be treated by the court as no more than loose expressions of grateful or generous sentiments. They were for the jury to weigh; for the inference is fair that they were declarations of an intention on the part of the deceased, and having been made in the presence of Mrs. Fry, they went to show an understanding between the parties.

Therefore we hold there was evidence for the jury on the issue of whether the services were rendered gratuitously because of the relationship between the parties, or on an understanding that plaintiffs were to be compensated. There was no contention that a specific compensation was agreed on and, if plaintiffs were entitled to recover at all, it was reasonable compensation; and thus the court instructed the jury. The jury were further told that an express or specific contract between deceased and plaintiffs for compensation need not be proved, and that a contract might be implied or inferred from all the circumstances in evidence. The use of the expression "implied contract" in such a case is not strictly accurate. From the bare fact that a parent is taken care of by a child, the law will not imply a contract for pay for the care, because such kindnesses are rendered in most instances without the expectation of payment, and the law bases its presumptions and implied promises on the ordinary course of men's affairs. [Snyder v. Free, 114 Mo. 360, 373, 21 S. W. 847; Greenwall v. Greenwall, 28 Kan. 675.] On the other hand it is not necessary, in order for payment for such services to be recovered, to show that a contract, all the terms of which were expressed, was made between the parties.

An agreement that the services were not gratuitously rendered, but were to be rewarded, may be inferred, that is, found as a fact by the jury, from circumstances; and it is in this sense that the expression "implied contract" was used. The court distinctly instructed that a recovery could not be had unless the jury found there was a contract between the deceased and plaintiffs for payment for plaintiffs' services. The instructions on this issue were full and accurate and could not have misled the jury concerning the law of the case. Now the fact that deceased had resided with plaintiffs, and other facts, including the declarations of the deceased, inclined to prove that the parental relationship was not the reason, or the sole reason, at least, why plaintiffs cared for him; but that pecuniary reward was expected.

The main contention on the appeal, apart from the proposition that there was no evidence conducing to show plaintiffs entertained an intention when the services were rendered, to charge for them, is that inasmuch as the deceased paid his board, plaintiffs could not recover for nursing him in his illness without proof of an express contract that they should be paid for the latter service. In other words, the contention in behalf of the estate is that the law presumes the payment for board covered the service of nursing, and this presumption must stand unless overthrown by an express contract to the contrary. There is no presumption whatever that payment for board covered the care given deceased in his helpless condition. His state of health was such that he required constant attention of the most disagreeable character. Payment of the usual price for board covered that item and no other, and certainly did not enlarge the burden of plaintiffs respecting what they must prove; did not impose on them the burden of proving a contract, express in all its terms, that they were to be paid for caring for deceased in his illness in addition to being paid for his board.

Their right to have a contract for reasonable compensation for the nursing, inferred from the facts, was not affected by the payment for board. The sum of the matter is that plaintiffs were not entitled to a verdict for nursing the deceased unless they proved an agreement or understanding that they were to be paid for this service, and so the court informed the jury in definite language. We are cited to cases holding that an accounting between the parties is presumed, prima facie, to cover all the pending transactions and to other cases holding that the hiring of a party for a salary raises a presumption that his entire time was engaged. These cases are not pertinent to any issue involved in the present controversy.

The judgment is affirmed. All concur.