Longhofer v. Herbel.


GOTTFRIED LONGHOFER, a *Minor, etc., Appellee,* v.
DAVID HERBEL, *Appellant.*

No. 16,324.

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Money Loaned for Indefinite Period
—Accrual of Action—Demand.* Where a loan is made with the
understanding that the borrower is to use the money for some
considerable but indefinite time, and until its return is re-
quested, the statute of limitations does not run against an
action for its recovery until payment has been demanded.

2. STATUTE OF FRAUDS—*Oral Agreement in Consideration of
Marriage—Time of Performance—Implied Contract to Pay
Child for Services.* In an action for the value of services per-
formed by a minor for his stepfather proof of an oral agree-
ment to pay for them may establish a right to recover, by
overthrowing the presumption that they were rendered by rea-
son of the relation of the parties, notwithstanding the contract
itself may be unenforceable under the statute of frauds be-
cause made upon consideration of marriage and not to be
performed within a year.


Appeal from Russell district court.   Opinion filed
November 5, 1910.   Affirmed.

*George W. Holland, W. S. Roark, Lee Monroe,* and
*George A. Kline,* for the appellant.

*L. B. Beardsley,* for the appellee.


The opinion of the court was delivered by

MASON, J.:  Gottfried Longhofer, a minor, sued his
stepfather upon three causes of action, the first based
upon what was in effect a loan of money, the second
upon a contract to pay for his services, and the third
upon the conversion of personal property.   He recov-
ered judgment upon each, and the defendant appeals.

The appellant claims that the first count was barred
by the statute of limitations, because action had ac-
crued thereon in favor of trustees who represented the
plaintiff immediately upon the making of the loan, in-

asmuch as the jury found that it was payable upon demand. The usual rule is that notes or similar obligations payable in terms "on demand" are deemed to be due at once, and that the statute begins to run against them without demand. (25 Cyc. 1100.) Where, however, the understanding of the parties is that one of them is to use the funds of the other for some considerable and indefinite period, and until repayment is requested, the continual retention of the money is permissive and rightful until demand is made, and no right of action accrues until that time.

"If it appears that the money or claim which is the subject of the contract is to be paid on demand in fact, the statute will not begin to run until an actual demand has been made." (25 Cyc. 1209.)

(See, also, 25 Cyc. 1202; 19 A. & E. Encycl. of L. 198.)

Under all the evidence the finding of the jury may fairly be regarded as meaning that the plaintiff's money was to be used by the defendant until called for.

The jury found, upon sufficient evidence, that the defendant had orally promised the plaintiff's mother, as an inducement to their marriage, that he would pay her son wages for such services as he should render after reaching the age of thirteen years. The appellant contends that the promise is not enforceable because of the statute of frauds, which provides that no action shall be brought to charge any person upon any oral agreement made upon consideration of marriage, or not to be performed within a year. (Laws 1905, ch. 266, § 1, Gen. Stat. 1909, § 3838.) Under somewhat similar circumstances this court has held that an oral contract may be taken out of the statute by the rendition and acceptance of services under it. (*Heery v. Reed*, 80 Kan. 380, and cases there cited.) The usual rule is that the law implies an agreement to pay for services performed under a contract which is unenforceable because not in

writing. (20 Cyc. 299.) Presumptively a minor living with his stepfather is not to be paid for his labor. (*Smith v. Rogers, Ex'r,* 24 Kan. 140.) In the present case, whether or not the plaintiff could maintain an action strictly upon the contract, proof of its existence gave him a right to recover the value of his services, by overthrowing the presumption that he and the defendant dealt with each other merely as parent and child.

"The verbal agreement is not the basis of an action . . . but evidence of its terms is often necessary to establish the implied contract upon which recovery is sought." (*Baldridge v. Centgraf,* 82 Kan. 240, 244.)

The plaintiff's mother filed a pleading in which she denied his right to recover, but asked that, if it should be found that he was entitled to receive anything from the defendant, the amount should be adjudged to belong to her as his natural guardian. She now maintains that the judgment on account of her son's services should be made payable to her. There was no evidence that she expressly relinquished her right to his earnings or emancipated him. Such relinquishment or emancipation, however, may be implied from circumstances. (29 Cyc. 1626, 1675.) Assuming that the jury were correct in accepting the plaintiff's version of the facts, we think they were justified in concluding that it was the understanding of the parties that the wages he earned should be paid to him personally, especially in view of his mother's repudiation of his entire claim.

It is also contended that the judgment on account of the alleged conversion of personal property—a colt— can not stand because the testimony showed that if the defendant converted anything it was the mare that foaled the colt. We think, however, there was some substantial evidence supporting the view taken by the jury.

A final complaint is that the plaintiff was allowed to testify to matters having no proper bearing upon the

issues, but tending to create feeling against the de-- fendant. The testimony seems to have been offered to explain the relation of the parties, and if it was not material for that purpose we think it was not suffi-- ciently prejudicial to require a reversal.

The judgment is affirmed.