CHARLES E. LOWE, a Minor, etc., *Appellee,* v. JOHN S. WEAVER, *Appellant.*

No. 17,891.

Appeal from Miami district court. Opinion filed April 12, 1913. Reversed.

*Frank M. Sheridan, Charles T. Meuser,* and *Bernard L. Sheridan,* all of Paola, for the appellant.

*Alpheus Lane,* and *Major A. Lane,* both of Paola, for the appellee.

*Per Curiam:* The rights and obligations of the parties depend upon the relations that existed between them. If the appellee was living in the family as a member thereof as a son and received home comforts, clothing, food, schooling and attention in sickness, and, on the other hand, labored and rendered services for the appellant without any agreement or understanding that either was to receive compensation from the other, no cause of action exists in favor of either against the other. (*Sawyer v. Sauer,* 10 Kan. 519; *Wyley v. Bull,* 41 Kan. 206, 20 Pac. 855.)

The relation existing between the parties was properly submitted to the jury as a question of fact, and they made three special findings relating thereto, as follows:

"I. Is it true that the defendant always treated the plaintiff, during the times mentioned in the plaintiff's petition, substantially as a father would treat a son? Ans. No.

"III. Is it true that the defendant took the plaintiff into his home from the time the plaintiff last came to his home to live, and thereafter treated him as if he was a son, or substantially the same? Ans. No.

"VII. State if it is true that the defendant, from the time the plaintiff came to the home of the defendant the second time, furnished him with a good home, provided him with raiment, lodging, schooling and some spending money, along from time to time, and substantially all of the necessaries of life, such as an ordinary farmer would extend to his son? Ans. Yes."

There seems to be a conflict in these findings. Also, the finding that appellant agreed to give appellee a horse and buggy for his services during the time mentioned in the petition is very indefinite, and the evidence in support thereof is indefinite as to whether the horse and buggy was promised as a gift or as compensation for services rendered or to be rendered.

For these reasons the judgment is reversed and the case is remanded for a new trial.