### No. 25,170.

HENRY HOTH, Administrator of the estate of CHARLOTTE HOTH, Deceased, *Appellant,* v. S. G. SCHOLZ, *Appellee.*

#### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Appeal Must Be Taken Within Six Months from Date of Order.* An appeal from an order granting a new trial must be taken within six months after the order is made.

2. RELATIVES LIVING AS ONE FAMILY—*No Compensation for Services Rendered Each Other Without Contract.* Relatives living together as one family cannot recover compensation for services rendered each other unless there is a contract to pay for such services.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 5, 1924. Reversed.

*F. L. Martin, John M. Martin,* and *James N. Farley,* all of Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Charlotte Hoth died intestate in 1920. Her only heirs were her children, Henry Hoth and Minnie C. Scholz, the wife of the defendant, S. G. Scholz. Minnie C. Scholz died intestate in July, 1921, leaving as her only heir her husband, S. G. Scholz. In May, 1916, S. G. Scholz and Minnie C. Scholz executed a note for $7,621, payable to Charlotte Hoth. That note was secured by a mortgage on real estate owned by S. G. Scholz and Minnie C. Scholz. The plaintiff, as administrator of the estate of Charlotte Hoth, commenced this action against S. G. Scholz to recover on the note and to foreclose the mortgage. The defendant pleaded that the note had been partly paid by services rendered to Charlotte

Hoth during her lifetime by himself and his wife, and asked that the amount due for those services be deducted from the amount due on the note. The defendant also alleged that for a long time Charlotte Hoth had been a feeble-minded person, incapable of making contracts. The plaintiff replied that the defendant had appropriated money belonging to Charlotte Hoth and had received rents and profits on real property owned by her, and asked for an accounting concerning the money appropriated and the rents and profits received. The defendant confessed judgment in favor of the plaintiff on the petition, and trial was had on the answer and cross petition of the defendant. Judgment was rendered in favor of the defendant for $8,500, with interest at six per cent per annum, and it was directed that the judgment for $8,500 with interest be offset against the judgment in favor of the plaintiff. In addition to the judgment confessed by the defendant, judgment was rendered in favor of the plaintiff on the accounting in the sum of $1,103.08, making a total judgment in favor of the plaintiff for $12,588.83. The total judgment in favor of the defendant was for $8,811.66, leaving a balance for the plaintiff of $3,777.17. From that judgment the plaintiff appealed.

There were two trials in the district court. On the first trial a demurrer to the evidence of the defendant was sustained, and judgment was rendered in favor of the plaintiff. On the motion of the defendant, a new trial was granted at a subsequent term of court. No appeal was then taken from the judgment granting a new trial.

1. The first matter presented is that the court committed error in granting a new trial after rendering judgment on a demurrer to the evidence of the defendant. If error was committed, an appeal should have been taken at that time. None was taken. The order granting a new trial was made on July 1, 1922. This appeal was filed on June 19, 1923, more than six months after the order granting a new trial had been made. The appeal from the order granting a new trial was not taken in time.

2. Charlotte Hoth lived in the home of the defendant S. G. Scholz for a number of years. While there Charlotte Hoth became feeble-minded and had to be cared for as a child. It does not appear that any guardian of her person or estate was ever appointed. For the services rendered in caring for Charlotte Hoth, S. G. Scholz claimed $9,420. No contract by Charlotte Hoth to pay for the services rendered to her by Minnie C. Scholz and S. G. Scholz was

proved. Under numerous decisions of this court, members of a family cannot recover from each other for services rendered by one to the other unless there is a contract to pay for those services. (*Ayres v. Hull,* 5 Kan. 419; *Greenwell v. Greenwell,* 28 Kan. 675; *Wyley v. Bull,* 41 Kan. 206, 207, 20 Pac. 855; *Storey v. McCormick,* 70 Kan. 323, 332, 78 Pac. 819; *Griffith v. Robertson,* 73 Kan. 666, 85 Pac. 748.) Under those authorities, the defendant was not entitled to offset the services rendered by himself and his wife against the note sued on in this action. If the defendant had desired to recover for the services rendered, he could have made a contract with Charlotte Hoth for pay for such services; and after she became feeble-minded he could have procured the appointment of a guardian for Charlotte Hoth and could have contracted with the guardian for compensation for those services.

The judgment is reversed, and the trial court is directed to render judgment in favor of the plaintiff for the full amount of the note sued on and interest thereon and the amount found due the plaintiff on the accounting, and to deny relief to the defendant on the counterclaim set up by him.