No. 27,343.

In the Matter of MARY T. ERICKSON, Guardian of THERESA M. BLITZ, a Minor, Deceased; I. M. BLITZ, Heir, *Appellant,* v. MARY T. ERICKSON, Guardian, *Appellee.*

SYLLABUS BY THE COURT.

1. GUARDIAN AND WARD—*Compensation—Allowance to Grandmother According to Understanding With Probate Court.* Under section 38-227 of the Revised Statutes, a grandmother who takes her infant granddaughter upon the death of her mother to care for and raise and who is afterward appointed guardian for the granddaughter, may be reimbursed for expenses incurred by her during the guardianship in the care of the granddaughter out of money thereafter coming into the hands of the guardian where there was an unrecorded understanding between the probate court and the grandmother at the time of her appointment as guardian that she would be so reimbursed.

2. SAME—*Compensation—Understanding With Probate Court—Evidence.* It was not error to introduce evidence tended to prove the understanding of the guardian and of the probate court at the time of the appointment, under the circumstances described in the first paragraph of this syllabus.

Appeal from Shawnee district court, division No. 3; OTIS E. HUNGATE, judge. Opinion filed May 7, 1927. Affirmed.

*W. E. Atchison, Rad M. Lee, A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellant.

*James E. Larimer* and *Eugene S. Quinton,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: I. M. Blitz, as the sole heir of Theresa M. Blitz, deceased, appeals from a judgment of the district court allowing Mary T. Erickson, guardian of Theresa M. Blitz, a minor, to take credit in her final account as such guardian for the sum of $1,938.56, to pay for the board, room, and care of Theresa M. Blitz from January 1, 1922, to March 24, 1925.

The facts established by the evidence were substantially as follows: Jennie Erickson Blitz, the mother of Theresa M. Blitz, died on July 23, 1907. Theresa M. Blitz was then eight months and five days old. I. M. Blitz was her father. Shortly before the death of Jennie Erickson Blitz she requested her mother, Mary T. Erickson, to take Theresa M. Blitz, take care of her and raise her, which Mary

Guardian and Ward, 28 C. J. pp. 1117 n. 42, 1222 n. 29. Parent and Child, 29 Cyc. p. 1616 n. 81, 86, 89. Work and Labor, 40 Cyc. p. 2815 n. 48, 49, 50.

T. Erickson then agreed to do. At the time of her death, Jennie Erickson Blitz owned real property in the city of Topeka. That property descended one-half to I. M. Blitz and one-half to Theresa M. Blitz. Mary T. Erickson took Theresa M. Blitz, raised her, cared for her, clothed her, and educated her until she died on March 25, 1925. On October 6, 1917, W. C. Stephenson was appointed guardian of the person and property of Theresa M. Blitz and continued as such until December 31, 1921, when he was removed and Mary T. Erickson was appointed guardian in his place. She acted as such until the death of Theresa M. Blitz. An opinion filed by the trial judge contains what amount to findings of fact as follows:

"From the evidence I conclude that Mrs. Erickson, after her appointment, did not intend to support Theresa Blitz gratuitously. . . . The evidence further shows that at the conclusion of the hearing upon the application of Mrs. Erickson to remove W. C. Stevenson as guardian and at the time Judge Monroe appointed Mrs. Erickson as guardian, Mr. Larimer, acting for Mrs. Erickson, took up with the judge the question of Mrs. Erickson's being allowed compensation for the girl's support and that it was stated that, as the ward had nothing but her interest in this real estate, which was then being partitioned and as there was nothing available in the ward's estate at that time to pay Mrs. Erickson for the support of the ward that the matter of compensation would be held in abeyance until the estate was reduced to possession. This evidence is persuasive to my mind that Mrs. Erickson at all times after her appointment intended to claim compensation for the support she was furnishing to Theresa."

No order of the probate court was made at the time of the appointment of the guardian concerning compensation for the support of Theresa M. Blitz.

The real property owned by Jennie Erickson Blitz was partitioned between Theresa M. Blitz and I. M. Blitz, and the funds arising therefrom belonging to Theresa M. Blitz were paid to Mary T. Erickson a short time before the death of Theresa M. Blitz. During her lifetime Theresa M. Blitz was in poor health and received much medical attention, including a severe surgical operation. On the final report of Mary T. Erickson as guardian made after the death of Theresa M. Blitz, she reported that she had received as guardian a total sum of $3,005.72. She reported $2,770.02 claims unpaid, which included the $1,938.56, the amount claimed by Mary T. Erickson for board, room, and care for Theresa M. Blitz. The report was approved by the probate court, except that the claim for reimbursement was disallowed by that court. From the order refusing to allow

*In re* Erickson.

that claim, she appealed to the district court, where after a trial, the claim was allowed. From its allowance, I. M. Blitz appealed to this court.

1. The rule is that where relatives live together as a family, rendering services for each other, neither can recover compensation from the other for those services, unless there is an express contract that compensation shall be paid for the services rendered. (*Ayres v. Hull*, 5 Kan. 419; *Smith v. Rogers*, 24 Kan. 140; *Greenwell v. Greenwell*, 28 Kan. 675; *Ensey, Ex'r, v. Hines*, 30 Kan. 704, 2 Pac. 861; *Shane v. Smith*, 37 Kan. 55, 58, 14 Pac. 477; *Wyley v. Bull*, 41 Kan. 206, 20 Pac. 855; *Grisham v. Lee*, 61 Kan. 533, 537, 60 Pac. 312; *Story v. McCormick*, 70 Kan. 323, 327, 78 Pac. 819; *Griffith v. Robertson*, 73 Kan. 666, 85 Pac. 748; *Longhofer v. Herbel*, 83 Kan. 278, 111 Pac. 483; *Huber v. Roth*, 91 Kan. 134, 136 Pac. 794; *Webster v. Camp*, 107 Kan. 235, 237, 191 Pac. 284; *Hoth, Adm'r, v. Scholz*, 116 Kan. 463, 227 Pac. 526; *Robinson v. Johnson*, 119 Kan. 639, 240 Pac. 962; *Sherman v. Davidson*, ante, p. 69.)

The present action is not like any one of those cited. Mary T. Erickson, the grandmother, and Theresa M. Blitz, the granddaughter, lived together as a family and each rendered to the other such services as she was able to render, although on account of the health of Theresa M. Blitz, she was unable to be of any assistance in the performance of household duties. There was no contract between Mary T. Erickson and Theresa M. Blitz, or between Mary T. Erickson and I. M. Blitz, concerning reimbursement for the services rendered and expenses incurred by Mary T. Erickson for Theresa M. Blitz. Mary T. Erickson was the guardian of Theresa M. Blitz for the entire period of time for which reimbursement is claimed. She is asking that she be allowed reimbursement out of the funds in her hands as guardian and belonging to the estate of Theresa M. Blitz after her death. These facts make the distinction between the present action and the numerous ones that have heretofore been decided by this court.

After her appointment as guardian, there was no person with whom Mary T. Erickson could contract for compensation for the support of Theresa M. Blitz. The probate court was the only authority that could direct that compensation be paid. Section 38-227 of the Revised Statutes reads:

*In re* Erickson.

"Guardians shall receive such compensation as the court may from time to time allow. The amount allowed, and the service for which the allowance was made, must be entered upon the records of the court."

That statute vests in the probate court authority to say what compensation a guardian shall receive for the services rendered by him even if no contract has been made for the performance of those services.

The circumstances surrounding the appointment of Mary T. Erickson as guardian for Theresa M. Blitz show that it was the intention of Mary T. Erickson and of the probate court that she would be reimbursed for her expenses in caring for Theresa M. Blitz. The judgment of the district court was rendered in accordance with the understanding of the probate court when the appointment of Mary T. Erickson as guardian was made; in accordance with the rule of law quoted from 29 Cyc. 1616; and in accordance with section 38-227 of the Revised Statutes.

2. On the trial, evidence was introduced to show what transpired at the hearing when Mary T. Erickson was appointed guardian. That evidence tended to prove that it was the understanding of Mary T. Erickson that she was to receive compensation for her services in caring for Theresa M. Blitz, and tended to show what the attitude of the probate court was at that time toward the matter of compensation. The evidence was objected to. There was no error in its admission.

The judgment is affirmed.

HARVEY, J., concurs in the order of affirmance.