WILHELMINA WALKENHORST, *et al.*, v. J. H. LEWIS.

1. DEFECTS, *When Not Considered; Practice.* After a decree foreclosing an equitable mortgage had been entered, defendants appeared specially and moved under § 575 to vacate it as void. *Held,* That no defect in the manner in which facts are alleged in the petition, and no defect of parties which is waived by a failure to demur or answer, can be considered upon such a motion.

2. CONVEYANCE AND BOND TO RECONVEY; *Assignment; Equity.* Equity which regards, if so intended by the parties, a conveyance of land and a cotemporaneous bond to reconvey, as simply a mortgage, will also treat a mere assignment by the obligee upon the bond, as a full transfer of all his rights.

3. NON-RESIDENT MINOR, *Service upon.* A non-resident minor may be served by publication, as well and in the same manner as a non-resident adult.

4. JUDGMENT, *When not Void; Guardian ad litem.* A judgment rendered against a minor, without the appointment of a guardian *ad litem,* may be voidable, but is not void. Such appointment can only be made after jurisdiction has been acquired, and then the failure to appoint does not oust the jurisdiction, but is simply an error to be corrected by proceedings in error.

*Error from Allen District Court.*

ACTION brought by *Lewis* against *Walkenhorst* and six others, upon a deed of land, and a bond to reconvey upon the payment of a certain debt. Trial at the November Term, 1875, of the district court, and judgment for the plaintiff, and an order for the sale of the mortgaged premises. Afterward the plaintiff purchased said premises at a sheriff's sale thereof. On the 8th of September, 1879, the defendants filed their motion to set aside the foregoing judgment and sale, which motion was overruled at the November Term, 1879, of the district court. The defendants brings the case here. The nature of the action, and the facts, appear in the opinion.

*G. P. Smith,* for plaintiffs in error:

1. Section 575 of the code provides limitations for proceedings to vacate or modify judgments or orders, and closes

with the words : "A void judgment may be vacated at any time, on motion of a party, or any person affected thereby." There is no requirement that notice of such a motion must be given, either to the adverse party or his attorney in the action. Nor is notice necessary. A void judgment may be treated as a nullity, and successfully resisted in a collateral action ; and if the invalidity appear upon the face of the record, neither time nor circumstances will ripen it into validity. Under the provisions of the code, any person who is affected by a void judgment has a right to have it vacated on motion; and if the invalidity is apparent from the whole record, the court, upon a mere suggestion of the fact, or upon an oral motion, will vacate it. A void judgment confers no rights upon any one, no interest that can be enforced or protected ; and no one can have such an interest therein as to entitle him to notice of a motion to vacate it. Even without the provision of the code that a void judgment may be vacated at any time on motion, the court possesses the inherent power on its own motion to vacate such a judgment. The most that can be claimed, it seems to us, is, that where a judgment is valid upon the face of the record, and can only be defeated by extraneous evidence, a motion to vacate, based upon such evidence, requires notice to the adverse party. But even then, notice to the attorney of record is sufficient. (Code, §§ 532–535 ; 3 Kas. 281.)

2. In the case at bar, the motion to vacate assigned several grounds of invalidity in the judgment, the first being a want of facts sufficient in the petition to authorize the judgment. As to that ground of invalidity, no notice of the motion to vacate was necessary. But other grounds were assigned, some of them not appearing upon the record, and as to these, affidavits were to be used, and hence a notice to the adverse party was deemed at least proper, and was given to his attorney in the action.

3. The court erred in refusing to vacate the judgment. If the petition fails to state facts sufficient to constitute a cause of action against the defendants, and in favor of plaintiff,

then any judgment rendered thereon in favor of plaintiff and against defendants is void. (6 Kas. 203; 10 id. 238; 16 id. 220; 16 Ohio St. 118, 128.)

4. In this action, no one is made a defendant against whom a personal judgment for the amount due could be rendered. (16 Kas. 220; 18 id. 520; 19 id. 221; 20 id. 624; 29 Cal. 120.)

5. The plaintiff in the court below does not show himself, in his petition, entitled to maintain the action, or to claim any judgment against the defendants. The bond itself, which must govern, is a contract between Schultz and Henry Walkenhorst, in which either party could sell and transfer his interest. The latter need only to assign his copy of the contract, his wife joining in the assignment, and their assignee would be entitled, on paying or tendering the money secured, to demand and receive a deed from Schultz or his assignee, to the land in dispute. But could Schultz, who held the legal title to the land, by simply assigning and transferring his copy of the bond to Lewis, confer upon said assignee all his, Schultz's, rights under the contract? Clearly not. Schultz's right under the contract to receive the $225 was coupled with an obligation on his part to reconvey the legal title to the land to Walkenhorst or his assignees. Unless at the time Lewis brought his action to foreclose the deed as a mortgage, he also held the legal title to the land, Schultz was an indispensable party to the action. Before Lewis could legally demand of Walkenhorst the payment of the debt secured, he should either hold the legal title to the land, so that he could reconvey it to Walkenhorst, or he should hold a deed of reconveyance from Schultz to Walkenhorst, so that on receiving the money due he could deliver the deed, and thus fulfill the obligations of the contract.

6. There was no service upon the minor defendants. Leaving out of view the misnomer of all the minor defendants, five of them were infants under fourteen years of age. There was no attempt whatever to comply with §71 of the

code, and the only service attempted on defendants was the usual publication in a newspaper, as if all were adults.

7. No guardian *ad litem* for the infant defendants was appointed as required by §§ 33, 71, 101, of the code. (41 Howard's Pr. Rep. 41.)

*Cates & Keplinger,* for defendant in error:

1. In the matter of the motion to vacate the judgment, we deny all jurisdiction over the defendant in error, either in this court or in the court below. Once in court in a case, always in court in that case, is not good law. In the original case the court had jurisdiction of the parties, and of the subject-matter of the action, until the close of the term at which the confirmation of the sale was made. After the close of that term the court was as completely without jurisdiction over both the person and the subject-matter as if it had never been acquired. True, the law authorizes a service of notice on an attorney of record in certain cases, but that law has no reference to notices which are jurisdictional.

2. It is claimed that the proceedings are void on their face, because of the insufficiency of the petition, and therefore that notice is not necessary. The petition in this case expressly alleges an indebtedness on the part of both Walkenhorst and his wife, and not on the part of the former solely. It also alleges the conveyance of certain land by both, to secure said joint indebtedness. There was written evidence of the security, but no written evidence of the indebtedness —certainly not as to the wife—and there was therefore no thought of complying with § 118 of the code. We have yet to learn that a woman cannot owe a debt unless there be some written evidence of it. A debt and the security therefor are two different things. The writings, exhibits attached to the petition, are evidence, not of the debt, (at least as to Mrs. W.,) but of the security.

3. The petition sufficiently alleges a transfer. If several instruments are made and delivered at the same time, between the same parties, in relation to the same subject-

matter, they are regarded as parts of one instrument, and are to be construed together. (2 Washb. Real Pr. 3d ed., p. 46.) A deed with a bond to reconvey, on the payment of the debt, is, *prima facie*, a mortgage, even without evidence showing the existence of a debt. The deed and the bond in this case are to be construed precisely as if on a single sheet of paper, and the assignment applied as much to one as to the other; and all the rights which Schultz had by virtue of both, vested in Lewis. In equity, if not in law, Lewis, by virtue of the assignment, became the owner of all interests which Schultz may have had in the land, debt, deed and bond.

If the petition in this case was insufficient, a petition in error is the proper remedy. (23 Kas. 97.)

4. We suppose that service by publication applies as well to non-resident minors as to non-resident adults.

5. The necessity for a guardian *ad litem* did not appear on the face of the record. Before it could be made to appear by outside evidence, the defendant in error should have been made a party, to enable him to defend his judgment against this attack *dehors* the record. Secs. 568 and 570 of the code indicate the plaintiffs' remedy, if they have any. A failure to appoint a guardian *ad litem* is a mere irregularity. (13 Am. Dec. 158; *McMurray v. McMurray*, 66 N. Y. 175.)

The opinion of the court was delivered by

BREWER, J.: Defendant in error was plaintiff in the court below, and in 1875 obtained a judgment of foreclosure of a mortgage deed, an order of sale of the mortgaged premises, and became the purchaser of the same at the sheriff's sale, took possession thereof, and was in possession by tenant when in 1879 the defendants, plaintiffs in error, filed their motion to vacate and set aside the judgment and sale as void. The only service upon defendants in the original action was by publication, and they made default, but afterward appeared specially and moved the court to set aside the judgment as void, for reasons, among others, that the petition of plaintiff did not state facts sufficient to confer upon the court

jurisdiction to render the judgment; for misnomer of minor defendants, for whom no guardian *ad litem* was appointed; and because no service upon the minor defendants was made as required by law. Notice of this motion was served upon L. W. Keplinger, who was plaintiff's attorney of record in the action. To this service plaintiff appeared specially by his attorney, Keplinger, and moved to set it aside as unauthorized and insufficient. The court overruled his motion, to which he duly excepted.

It may be premised that this motion was not made under § 77 of the code, for the opening of the judgment and leave to defend. The time for such a motion had passed. But the judgment was challenged as absolutely void, and the proceeding was under the last clause of § 575 of the code. Now the district court unquestionably had jurisdiction of the subject-matter of the action, the foreclosure of a mortgage, and if it also had jurisdiction of the parties, its proceedings and judgment were not nullities, even though many errors were apparent on the face of the record. (*Burke v. Wheat, et al.,* 22 Kas. 722; *Bryan v. Bauder,* 23 Kas. 95; *Hodgin v. Barton,* 23 Kas. 740.) The petition alleges that H. Walkenhorst and Wilhelmina Walkenhorst, to secure a debt which they owed to one Schultz, gave to him a deed of a certain tract of land, describing it, and at the same time received back a bond to convey upon the payment of this debt. Copies of the deed and bond are attached, and it appears that the latter ran to H. Walkenhorst alone. The petition alleges default in payment, and that Shultz assigned and transferred to plaintiff all his rights and interest in said contract and land. The assignment was upon the bond, and read simply that Shultz "hereby transfers and assigns to J. H. Lewis, all my right, title and interest in and to the within land." The petition then further alleges the death of H. Walkenhorst, and that the defendants are his only heirs. It prays a personal judgment against Wilhelmina Walkenhorst, that the deed and bond be treated as a mortgage, and for a foreclosure and sale.

Two objections are made to this petition.   It is said that the petition fails to show any personal indebtedness of, while it claims a personal judgment against, Wilhelmina Walkenhorst, and this because the bond to reconvey runs to H. Walkenhorst alone.   But the petition alleges that to secure a debt which they owed, they conveyed, etc.   Now we know of no reason why husband and wife may not be jointly indebted, or why the election of the parties that the reconveyance shall be to one alone, disproves the fact of such joint indebtedness. We think the petition not only not open to objection on this ground now, but that it should have been sustained if it had been attacked at the time by demurrer.   But suppose no personal judgment was permissible under the pleadings: would the decree of foreclosure and sale be thereby rendered a nullity?   Is it the intention of § 399 of the code to prevent foreclosures without a personal judgment against some party? If the mortgagor be deceased, cannot the mortgage be foreclosed without the appointment of an administrator?

Again, it is objected that the assignment is insufficient, and that Shultz, the assignor, was a necessary party defendant. The assignment, it is said, does not transfer the legal title, and that it still remains in Shultz.   But equity which treats the original transaction as a mortgage, although the legal form is that of a conveyance and a bond in return, equally regards an assignment as sufficient to transfer the mortgagee's interest.   Even if Shultz were a necessary party, a defect of parties, if not raised by demurrer or answer, is waived.   It seems to us that, so far from this petition being fatally defective, if it had been challenged after default and before judgment, it must have been sustained.   Of course, then, there can be no doubt that it contained enough to challenge judicial action ; and the judgment founded upon it, if the court had jurisdiction of the parties, is not a nullity.

We pass, then, to the question of service.   This was by publication.   The regularity of the publication proceedings is not challenged, but the claim is that as to certain of the defendants, they being minors, such a manner of service is

unauthorized. We do not so understand the statute. We suppose that a non-resident minor may be served by publication as well as a non-resident adult. The statute says that "The manner of service may be the same as in the case of adults." (Code, § 71.) We suppose this to apply to constructive as well as actual service. We are not at liberty to consider objections to the service not presented to the district court, in the motion whose review is sought by this proceeding in error. Of course, if any defendant was not named in the publication notice and not otherwise served, the judgment has no effect upon his rights or interests in the property.

It is also insisted that the judgment is void, at least, as to the minor defendants, because no guardian *ad litem* was appointed to protect their rights, and no answer filed for them. This objection also we think untenable. By the service, jurisdiction over the persons of the minors is secured. The appointment of a guardian *ad litem* is a step, a proceeding in the case possible only after jurisdiction is acquired. An appointment before that would be a nullity. But if it be something which may be done only after jurisdiction be acquired, then an omission of it is not a jurisdictional defect, but an error in the proceedings. Such an error may be a ground for reversal, but does not render the proceedings and judgment nullities. Nor does such a ruling destroy any substantial rights of the minor. Under §§ 413 and 568, he may have any errors in the judgment corrected at any time within one year after becoming of age, but if there be no errors, and his rights have been fairly adjudicated, why should he be permitted to treat the whole proceeding as a nullity? A party may not always know the exact ages of the various defendants. The court may be misinformed by the testimony as to ages. Do the validity of the whole proceeding, and all rights acquired upon the faith of such validity, hinge upon the fact whether the plaintiff and the court were correctly advised of the ages of the defendants? The authorities almost uniformly hold in accordance with the views herein expressed. See among others, *Bloom v. Burdick*, 1 Hill, 130; Freeman

on Judgments, §151; *McMurray v. McMurray*, 66 N.Y. 175; *Porter v. Robinson*, 3 A. K. Marshall, 253, also reported in 13 Am. Dec. 158, to which is added a note with a citation of many authorities.

There being no other question requiring notice, the judgment will be affirmed.

All the Justices concurring.