THE GREAT BEND LAND AND LOT COMPANY v. T. C. COLE.

QUIETING TITLE—*Amending Judgment—Validity.* Where an action is brought, alleging that the plaintiff is in the quiet and peaceable possession of certain real estate (describing it); that he has the equitable title thereto by virtue of a contract of purchase from one W., the former owner, deceased, and that the defendants, who are the heirs of the deceased, set up and claim an estate and interest in and to the real estate adverse to the estate and interest of the plaintiff; that the plaintiff has complied with all the terms and conditions of

the contract of purchase on his part, and is entitled to a decree in his favor of the legal title to the real estate; and the prayer of the petitioner is, that the defendants should be compelled to show their title, and that the same may be determined to be null and void as against the title of the plaintiff; and a judgment is entered decreeing that the plaintiff is entitled to recover the premises and all of the estate, right, title and interest of the defendants, and also that the defendants be required to execute a quitclaim deed to the plaintiff, and, in default thereof, that the decree of the court stand in lieu of such conveyance, and subsequently the judgment is amended so as to require the sheriff to make a deed of all the right, title, interest and claim of the defendants: *Held*, That although such judgment is somewhat informal and irregular, it is not wholly void.

*Error from Barton District Court.*

On the 28th of September, 1889, *T. C. Cole* commenced his action against the *Great Bend Land and Lot Company* to recover $2,625, with interest thereon at 8 per cent. per annum from the 15th day of July, 1887, upon certain promissory notes executed by the company, and also to foreclose a mortgage upon certain real estate. The notes secured by the mortgage were given in part payment of the purchase money of the premises described in the mortgage. The defenses pleaded were want of consideration and failure of title. The title of Cole, the mortgagee, was founded on an action commenced in the district court of Barton county on the 4th day of June, 1883, his petition being in words and figures as follows:

"*The State of Kansas, Barton County.*

T. C. COLE, *Plaintiff,*
    *v.*
LENORA WALTERS, SR., CHARLES WAL- *In the district court*
 TERS, ROBERT WALTERS, and LENORA *of said county.*
 WALTERS, JR., heirs of ELIAS WALTERS,
 deceased, *Defendants.*

Said plaintiff alleges that he is in the quiet and peaceable possession of the following-described real estate [describing it], in Barton county, Kansas, and has been for more than two years last past; and that he has the equitable title to said land under and by virtue of a contract of purchase from Elias Walters, the then owner of the above-described tract of land, who has since died, and that the above-named defendants are

his heirs, and that they, the said defendants, set up and claim an estate and interest in and to said premises adverse to the estate and interest of the said plaintiff as aforesaid averred; that the plaintiff has complied with all the terms and conditions of said contract of purchase on his part, and is entitled to a decree in his favor of the legal title to said land. The plaintiff therefore prays that the said Lenora Walters, sr., Charles Walters, Robert Walters and Lenora Walters, jr., be compelled to show their title, and that it may be determined null and void as to and against said title of the said plaintiff."

Upon the foregoing petition, the following judgment was entered:

"Now, upon this day, this cause came on to be heard upon the petition and answers, allegations and proofs of all the parties, and it appearing to the court that the plaintiff herein is entitled to recover the premises in controversy, and the court being fully advised and informed of the facts in the case, a jury having been waived by agreement of the parties, doth consider and adjudge that the plaintiff have and recover of and from the defendants the following-described real estate: The east half of the southeast quarter of section 32, township 19, of range 13, in Barton county, Kansas, and all the estate, right and title and interest of the defendants therein, and that if the defendant Lenora Walters, sr., in her own proper person, and the defendants Charles Walters, Robert Walters, and Lenora Walters, jr., minor heirs of Elias Walters, deceased, by Elrick C. Cole, their guardian *ad litem*, fail to quitclaim the said premises to the said plaintiff within 10 days from this date, then this decree of this court shall stand in lieu of said conveyance; and it is further ordered, that defendants pay the costs of this action."

Subsequently, upon notice, the judgment was amended as follows:

"The court finds that a decree of specific performance of a written contract was rendered in this case, wherein one Elias Walters agreed to deed to T. C. Cole the east half of the southeast quarter of section 32, in town 19 south, of range 13 west; and the court further finds, that the defendants herein were by said decree ordered to make a deed of said land to T. C. Cole; and the court finds that the said defendants have failed to make said deed; it is therefore considered, ordered

and adjudged by the court, that T. D. Wilson, the sheriff of Barton county, Kansas, is hereby appointed to make a deed of all the right, title, interest and claim of the defendants and each of them to said land herein described, divesting said defendants and each of them of any and all claims in and to said land; that said deed be made to T. C. Cole. The court finds that Lenora Walters, sr., was the wife of Elias Walters; that Charles Walters, Robert Walters, and Lenora Walters, jr., are minor heirs of said Elias Walters, deceased."

Trial was had in the case of· Cole v. The Land and Lot Company on the 24th of March, 1890, before the court without a jury. The court rendered judgment in favor of Cole for $3,350.05 and also decreed a foreclosure of the mortgage set forth in the petition.

The *Great Bend Land and Lot Company* excepted and brings the case here.

*B. F. Simpson,* and *Clayton & Clayton,* for plaintiff in error.

*James W. Clarke,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is insisted that the district court of Barton county did not have jurisdiction in the case of Cole v. Walters *et al.* to render any judgment, upon the ground that there was no proper service, by publication or otherwise, upon the defendants, who were minors under 14 years of age. It has already been ruled by this court that a nonresident minor may be served by publication as well as a nonresident adult. (Civil Code, § 71; *Walkenhorst v. Lewis,* 24 Kas. 420; *Head v. Daniels,* 38 id. 12.) In the case of Cole v. Walters *et al.,* it appears that Lenora Walters, the widow of Elias Walters, deceased, filed an answer. After the notice of publication had been approved, upon application to the district court, Elrick C. Cole was appointed guardian *ad litem* for the minor heirs, viz., Charles Walters, Robert Walters, and Lenora Walters, jr., and as such guardian he filed an answer for them. Under the statute and the facts disclosed, the trial court had full jurisdiction over all the parties.

It is next insisted that the trial court had no jurisdiction to render the particular judgment entered of record. The petition contained allegations in the nature of an action to quiet title, and also for specific performance. It was alleged that the plaintiff was in the quiet and peaceable possession of the premises, and had the equitable title thereto by virtue of a contract of purchase from Elias Walters, the former owner, then deceased; that the defendants set up and claimed an estate or interest in the premises adverse to the estate and interest of the plaintiff. It also alleged that the plaintiff had complied with all the terms and conditions of the contract of purchase on his part, and was entitled to a decree in his favor of the legal title to the premises. The prayer of the petition was, that the defendants should be compelled to show their title, and that the same should be determined null and void as against the title of the plaintiff.

"In an action to quiet title to land, a general finding of title in the plaintiff, and consequently of no title in the defendants, is a conclusive and binding decision against the defendants on the question of title, from whatever source it may be derived, and forever estops them from asserting a claim of title which existed at the time of the finding and judgment." (*Comm'rs of Marion Co. v. Welch*, 40 Kas. 767.)

"Where a landowner executes a written agreement to convey to a person therein named, for a valuable consideration, a certain piece of land, on payment of the purchase price, and the party accepting the contract takes possession of the land and agrees to pay the price in 30 days from date, it is not presumed the parties intended that time should be of the essence thereof; and, upon such contract, the purchaser is entitled to a conveyance of the title, if he pays or tenders the purchase price and interest within a reasonable time after the time specified for payment." (*Sanford v. Weeks*, 38 Kas. 319.)

The trial court not only had jurisdiction over the parties and the subject-matter, but it also had power to enter judgment quieting title to the premises in favor of the plaintiff against the defendants, and perhaps for a decree of specific performance. The original judgment and the judgment as amended were

somewhat informal or irregular, but show that T. C. Cole was fully entitled to the possession of the premises described in his petition, and that the defendants had no estate, right or title therein. We cannot say that the judgments were so informal or irregular as to be utterly void. After the rendition of such judgments, it is certainly clear that none of the defendants were entitled to any estate or interest in or to the premises. If the cause was here upon error, we might modify or correct the judgments. It is sufficient, however, as against a collateral attack. (*Bryan v. Bauder*, 23 Kas. 95; *Walkenhorst v. Lewis*, supra; *Rowe v. Palmer*, 29 Kas. 337; *Clouston v. Gray*, 48 id. 30; *Bank of Santa Fé v. Haskell Co. Bank*, 51 id. 50.)

It is finally insisted that the trial court erred in not permitting witnesses to explain the meaning of a stipulation in the mortgage. The clause referred to is not ambiguous, and the court committed no error in rejecting the evidence.

The judgment will be affirmed.

All the Justices concurring.