BENT HALLOWAY *et al.*, *by their Next Friend, Thomas White*, v. JOHN W. MCINTOSH.

#### No. 267.

GUARDIAN AD LITEM — *Not Appointed, Judgment not Void.* The failure of a court having jurisdiction of the person of a minor to appoint a guardian for the suit does not render the proceedings and judgment void, or afford any ground for the vacation thereof or for an injunction to restrain its enforcement.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 27, 1898. Affirmed.

*W. A. S. Bird*, for plaintiffs in error.
*David Overmyer*, for defendant in error.

The opinion of the court was delivered by

McElroy, J. : This action was commenced by the plaintiffs in error in the district court of Shawnee county against the defendant in error. They seek to vacate and enjoin the enforcement of a judgment obtained against them by the defendant in error in the circuit court of Shawnee county. The judgment is challenged as being absolutely void for the reason that the trial was had and judgment rendered against them without the appointment of a guardian *ad litem*. It is not contended that the circuit court had not acquired jurisdiction of their persons.

The sufficiency of the petition was challenged by a demurrer, which was sustained by the district court and judgment rendered thereon against them. In this there was no error. A judgment against an infant, the court having jurisdiction of his person, is not a nullity. It is not absolutely void for want of the appointment of a guardian *ad litem*. It is, at most, only voidable. This was directly decided in the case of *Walkenhorst v. Lewis*, 24 Kan. 427. In that case the supreme court says :

"It is also insisted that the judgment is void, at least as to the minor defendants, because no guardian *ad litem* was appointed to protect their rights, and no answer filed for them. This objection also we think untenable. By the service, jurisdiction over the persons of the minors is secured. The appointment of a guardian *ad litem* is a step, a proceeding in the case, possible only after jurisdiction is acquired. An appointment before that would be a nullity. But if it be something which may be done only after jurisdiction be acquired, then an omission of it is not a jurisdictional defect, but an error in the proceedings. Such an error may be ground for reversal, but does not render the proceedings and judgment nullities.

McCrie v. Lumber Co.

Nor does such a ruling destroy any substantial rights of the minor. Under sections 413 and 568, he may have any errors in the judgment corrected at any time within one year after becoming of age, but if there be no errors, and his rights have been fairly adjudicated, why should he be permitted to treat the whole proceeding as a nullity? A party may not always know the exact ages of the various defendants. The court may be misinformed by the testimony as to ages. Do the validity of the whole proceeding and all rights acquired upon the faith of such validity hinge upon the fact whether the plaintiff and the court were correctly advised of the ages of the defendants? The authorities almost uniformly hold in accordance with the views herein expressed.''

Our conclusion is that the petition did not state facts sufficient to constitute a cause of action to warrant the relief asked, or any relief. The judgment is affirmed.