No. 41,949

Mary Eleanor Dougan, Administratrix of the Estate of Harry M. Dougan, Deceased, *Appellant,* v. John Milton McGrew, Harry Joseph Reitz, Jr., and Dr. Chester E. Lee, *Appellees.*

(357 P. 2d 319)

Opinion filed December 10, 1960.

*Marion C. Miller,* of Kansas City, argued the cause, and *Edw. A. Benson, Jr.,* also of Kansas City, was with him on the brief for the appellant.

*Melvin J. Spencer,* of Kansas City, Missouri, argued the cause, and *Douglas Stripp,* also of Kansas City, Missouri, and *Eugene T. Hackler,* of Olathe, were with him on the brief for the appellee, Harry Joseph Reitz, Jr.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the trial court in a wrongful death action (an *in personam* action) sustaining a motion to quash service of process upon a minor defendant who was personally served with summons in Kansas, but whose father and natural guardian resides in the state of Missouri.

The basic question presented is whether the provisions of G. S. 1949, 60-408, contemplate that a minor defendant may be served with summons in Kansas, and thereby confer jurisdiction upon the trial court, when his natural guardian, a nonresident, cannot be served in Kansas, or with valid process in the state of his residence.

Harry M. Dougan died on November 1, 1957, in Johnson County, Kansas, while in a collision between his truck, which he was oper-

ating, and the automobiles operated by three defendants, respectively. The petition herein seeking damages for the wrongful death of Harry M. Dougan was filed by his widow on October 29, 1959, in the district court of Johnson County, Kansas. She is also the administratrix of his estate by appointment of the probate court of Johnson County, Kansas, where they resided.

Dr. Lee, one of the defendants, residing in Johnson County, was duly served in Johnson County on the same day, and he has filed his answer. The defendant, McGrew, a minor, and his mother and natural guardian, Viola McGrew, both reside in. Douglas County and were served with a summons by the sheriff of that county.

The third defendant, Harry Joseph Reitz, Jr., was a minor living in Douglas County. He was personally served with a summons by the sheriff of Douglas County on November 6, 1959. His father, Harry Reitz, Sr., and presumably his mother, reside in Kansas City, Jackson County, Missouri, and cannot be served with summons in Kansas. At the request of the plaintiff the clerk of the district court of Johnson County issued a summons directed to the sheriff of Jackson County, Missouri, which was served personally on the father and natural guardian of Harry Joseph Reitz, Jr., service being made in Jackson County, Missouri, on the 2nd day of November, 1959. Counsel for the appellant state in their brief this was done not by direction of any statutes particularly, but with the thought that it would at least give the father notice of the pendency of the action.

Thereupon, the defendant, Harry Joseph Reitz, Jr., through his attorneys, filed his motion to quash service of process by a special appearance alleging noncompliance with the provisions of G. S. 1949, 60-408, relating to service on minors.

On January 4, 1960, the time having expired for Harry Joseph Reitz, Jr., to plead in accordance with the answer date specified in his summons, the plaintiff moved for the appointment of a guardian *ad litem* for him pursuant to G. S. 1949, 60-408 and 60-409.

The district court, on the same day, after hearing sustained the motion to quash service of process, and also refused to give further consideration to the plaintiff's application for the appointment of a guardian *ad litem.*

The plaintiff has duly perfected her appeal, specifying as error

the order of the court quashing service of process, and the refusal of the trial court to appoint a guardian *ad litem.*

Venue of this action has been properly established in Johnson County by the fact that the plaintiff resides there, the cause of action accrued on a highway in Johnson County, and one of the defendants resides in that county.

In any action it is essential that the trial court have jurisdiction not only over the subject matter but of the parties to the action. Jurisdiction over the person of the defendant can be acquired only by the issuance and service of process in the method prescribed by the statute, or by a voluntary appearance in court. (*Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 217 P. 2d 1070; and *McFadden v. Mid-States Manufacturing Corp.,* 175 Kan. 240, 262 P. 2d 838.)

The applicable statutory sections are quoted in pertinent part. G. S. 1949, 60-408, provides:

"In any proper case service may be made on minors, . . . by a summons personally served or by publication notice as provided in this code, the same as upon other persons defendants in action. *If there be* a natural or legally appointed guardian for such minor, . . . service shall also be made *in the same manner* upon such guardian. If there be no legally appointed guardian for such minor, . . . or if such guardian fail to appear and answer in the action within the time fixed by the summons or publication notice, the court shall appoint a guardian *ad litem* for such minor, . . . and such guardian *ad litem* shall file proper pleadings in such cause, which shall include a general denial of the plaintiff's petition, as shall put the plaintiff to proof of his cause of action . . . The appointment cannot be made until after the service of the summons in the action, and no default judgment shall be rendered against such minor, . . ." (Emphasis added.)

G. S. 1949, 60-409, provides:

"The appointment may be made upon the application of the infant, if he be of the age of fourteen years, and apply within twenty days after the return of the summons. If he . . . neglect so to apply, the appointment may be made upon application of . . . the plaintiff in the action."

The first sentence of 60-408, *supra,* definitely says service may be made on a minor by a summons personally served. The next provision says *"If there be a natural* . . . guardian . . . service shall also be made *in the same manner* upon such guardian." (Emphasis added.) Unfortunately, the statute does not specifically direct what to do "if there be no natural guardian," a situation in which the minor has no living parent, or as in our case, no natural or legally appointed guardian who can be served with process within

the State of Kansas. It is apparent, however, that 60-408, *supra,* permits service upon a minor, who has *no* living parent or legally appointed guardian, because the foregoing sections of the statute make ample provision for the appointment of a guardian *ad litem* to represent the minor under these circumstances, and specifically admonish that no default judgment shall be rendered against the minor.

The appellant admits that since this is an action for damages—an action *in personam*—constructive service by publication would be of no effect (See, G. S. 1959 Supp., 60-2525); nor would personal service of a summons made out of the state, a form of constructive service, be a valid service of process (See, G. S. 1949, 60-2529).

It is apparent the plaintiff in the instant action has done everything under the foregoing sections of the statute, which she could possibly do up to this point in the proceedings, to obtain jurisdiction over the defendant, Harry Joseph Reitz, Jr. She has obtained personal service of summons upon him in this state, and no further *service* could be obtained under 60-408, *supra.* His parents could not be served with summons in Kansas, and insofar as the record here discloses, he has no legally appointed guardian residing in the State of Kansas. These facts are not controverted. Being unable to serve any other party, the plaintiff (appellant) has duly taken action to have a guardian *ad litem* appointed to answer and defend for such minor defendant.

Can it be said the provisions of 60-408, *supra,* contemplate that a minor, who is found living in Kansas, is immune to process when his parents live in another state? Can it be said that a plaintiff who claims to have been wronged in the State of Kansas by a minor under these circumstances is denied a remedy in the Kansas courts? In equitable matters this court adheres to the rule that no wrong should be suffered without a remedy. (See, *State, ex rel., v. School Board,* 110 Kan. 779 [Syl. ¶ 5], 204 Pac. 742; and *Hultz v. Taylor,* 163 Kan. 180, 185, 181 P. 2d 515.) It is fully recognized, however, this is not the situation confronting the court.

It may be observed that no statutory directive is found authorizing a plaintiff to have a legal guardian appointed under these circumstances, but only to have a guardian *ad litem* appointed, as set out in 60-409, *supra.*

The argument is advanced that the appellant is not denied a remedy by reason of the provisions of G. S. 1949, 8-401 and 8-402

(now G. S. 1959 Supp., 8-401 and 8-402), the so-called nonresident motorist statute.

The appellant contends this statute could not be utilized because the defendant, Harry Joseph Reitz, Jr., may not be a nonresident, that he may have been emancipated (See, *Lewis v. Railway Co.,* 82 Kan. 351, 108 Pac. 95; and *Longhofer v. Herbel,* 83 Kan. 278, 111 Pac. 483), and because he was present in the State of Kansas and could not be served outside the state by the means provided. This is given in answer to the appellee's argument that the place of legal residence of a child during his minority is, generally speaking, that of his father. (*Trammell v. Kansas Compensation Board,* 142 Kan. 329, 46 P. 2d 867; and Restatement, Conflict of Laws, § 30.)

In our opinion the provisions of the nonresident motorist statute are immaterial to a construction of 60-408, *supra,* in the instant case. The general provisions prescribed by the legislature for obtaining service of process upon a minor under the provisions of this statute *are in no way dependent upon whether or not a minor happens to be a motorist in the State of Kansas.* The provisions are applicable to *all minors* who may be properly sued in the State of Kansas. It is therefore unnecessary to delve into the ramifications of the nonresident motorist statute.

The provisions of 60-408, *supra,* have been before this court for construction and application in the following cases: *Hurd v. Baty,* 149 Kan. 665, 88 P. 2d. 1031; *Godsoe v. Harder,* 164 Kan. 86, 187 P. 2d 515; and *Pierson v. Brenneman,* 171 Kan. 11, 229 P. 2d 1019.

It was said in *Pierson v. Brenneman,* supra:

"In the case before us the minor defendant had a natural guardian, his father. Under the statute service of process upon the minor alone was not sufficient, and neither would service upon the natural guardian alone be sufficient. The statute requires that service be had upon *both.* Neither can it be contended the service of process on the father in his individual capacity as a defendant constitutes service upon him as the natural guardian of his minor son. The legislature has the power to direct the manner in which service of process may be had on infants, and it has exercised that power in plain and unambiguous language. Here there was a clear failure to follow the mandate of the statute and we have no hesitancy in holding that on account of such fact the court did not acquire jurisdiction to render the judgment against the minor defendant . . ." (pp. 13, 14.)

In that case the action was against a minor twenty years of age in which his father and natural guardian had originally been joined and served as a co-defendant in the State of Kansas. However,

no service was had upon the father as natural guardian of the minor defendant, and it was held upon appeal that the lower court acquired no jurisdiction over the minor and the judgment against him was a nullity.

It must be noted, however, in the foregoing case the father was a resident of Kansas and could have properly been served with process in this state. This is also true of the other cases upon which the appellee relies in which language of a similar character with reference to 60-408, *supra*, has been used. (*Hurd v. Baty*, supra; *Suter Bros. v. Hebert*, 133 Kan. 262, 299 Pac. 627; and *Suter Bros. v. Hebert*, 138 Kan. 317, 26 P. 2d 591; the last two cases being under the antecedent provisions of 60-408, *supra*, presently before the court.) For this reason the foregoing authorities, construing the provisions of 60-408, *supra*, are not binding as precedent upon the appellant herein. This court has frequently recognized that an abstract statement of the law in a given case should be tempered by the facts which give rise to its pronouncement. (*Fisher v. Pendleton*, 184 Kan. 322, 327, 336 P. 2d 472; and *Sterling v. Hartenstein*, 185 Kan. 50, 59, 341 P. 2d 90.)

When this court is faced with the construction of a statute, its function is to interpret such statute and not to rewrite legislation. (*State, ex rel., v. Mills*, 171 Kan. 397, 401, 233 P. 2d 720.) It is not our province to determine what the law should or should not be. It is our duty to ascertain and, if possible, to make effective the legislative will. (*State v. Momb*, 154 Kan. 435, 119 P. 2d 544, and authorities cited therein.) In construing the provisions of 60-408, *supra*, in *Godsoe v. Harder*, supra, it was stated the court never decides cases altogether on grammatical construction and punctuation, where to do so would do violence to the clear intent of the legislature, even though they must be considered significant. There it was held the requirement of the statute that personal service must be had on the minor did not preclude service on the minor by leaving a copy of the summons at his usual place of residence where it appears that the minor himself could not be found in the county, the father as natural guardian of said minor having been served personally with summons.

It was also recognized in the *Godsoe* case that the legislature in 60-408, *supra*, was dealing not only with the matter of service of summons upon minors, but with the much broader question of safeguarding the rights of minors in litigation from the time of the

service of summons until the litigation was terminated. Concerning the provisions of 60-408, *supra*, the court there said:

"It will be noted that while the first part of the statute when dealing with service speaks of the natural guardian, that part of the statute which deals with steps to be taken after service, however, speaks of a legally appointed guardian and provides further that on service of summons a guardian *ad litem* must be appointed for the minor even though service has been had on the natural guardian; that is, the legislature evidently intended the rights of the minor should be safeguarded by the actual conduct of the defense being in the hands of either a legally appointed guardian or a guardian *ad litem* who had been appointed by the court. It is significant, however, that no appointment of a guardian *ad litem* may be made until after service of the summons and no default judgment shall ever be rendered against a minor; that is, the action against a minor must always be contested either by a guardian who had been appointed prior to the bringing of the action or a guardian *ad litem* appointed immediately after service of the summons." (pp. 90, 91.)

Resort to the legislative history of 60-408, *supra*, will assist in giving this section of the statute perspective.

In Terr. L. 1858, ch. 11, § 69, the antecedent of 60-408, *supra*, provided:

"That, when the defendant is a minor, under the age of fourteen years, the service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than fourteen years of age, service on him alone shall be sufficient. The manner of service may be the same as in the case of adults."

This provision was re-enacted as Terr. L. 1859, ch. 25, § 77, and as such remained unchanged until 1909 when it was amended in the Laws of 1909, ch. 182, § 77, which reads:

"When the defendant is a minor, the service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, then the manner of service may be the same as in the case of adults . . ."

The section then took its present form in R. S. 1923, 60-408. This one-hundred-two-year history indicates a legislative intent to equate service upon a minor and his natural guardian in all respects with that upon an adult. (See, *Walkenhorst v. Lewis*, 24 Kan. 420; and *Land Co. v. Cole*, 52 Kan. 790, 35 Pac. 827.) It must be emphasized, and we repeat, 60-408, *supra*, in its present form permits service upon a minor who has no living parent or legally appointed guardian, his legal rights being fully protected by the appointment of a guardian *ad litem*.

It is apparent the legislature by enacting the provisions of 60-408, *supra*, did not have its attention directed to the specific circumstances here confronting the court, nor did the legislature contemplate that service of process upon the natural guardian of a minor was to have extraterritorial effect in an *in personam* action, where such minor is found living in Kansas. This would be contrary to other legislative enactments. (See, *Whitlock v. Schoeb*, 173 Kan. 43, 244 P. 2d 189; G. S. 1959 Supp., 60-2525; and G. S. 1949, 60-2529.)

Having given careful consideration to the decisions heretofore cited and the legislative history of 60-408, *supra*, as reflected upon the statutory enactment as it presently appears, we hold the provision, "If there be a natural or legally appointed guardian for such minor, . . . service shall also be made in the same manner upon such guardian," implies that there *be such guardian upon whom service of process can be obtained "in the same manner" as service upon the minor.* In other words, this being an action *in personam* in a Kansas court, the provisions of 60-408, *supra*, do not require service of process upon the natural guardian, a nonresident, who cannot be served in Kansas, and who cannot be served with valid process in the state of his residence. Under these circumstances, the statute contemplates that personal service of summons upon the minor is sufficient to confer jurisdiction upon the trial court over the minor defendant in the action. Obviously, the legislature would not intend to require a futile act. To hold otherwise would be to observe the form of the statute and overlook the spirit and intent. (See, *Godsoe v. Harder*, supra.)

Though not required by 60-408, *supra*, or jurisdictional, we think the procedure outlined in G. S. 1949, 60-2529, and followed by the appellant to give the father and natural guardian notice of the pendency of this action against his minor son, Harry Joseph Reitz, Jr., living in Kansas, is sound practice under the facts and circumstances of this case.

The case of *Hurd v. Baty*, supra, appears to hold that the trial court does not abuse the *exercise of its discretion* in sustaining a motion to set aside service upon a minor on the ground that the *natural venue* for the action is in another county. We do not here pass upon this basis for the holding, but anything said or held in *Hurd v. Baty*, supra, which may be construed contrary to our decision herein is disapproved.

It has been held the trial court has no authority to appoint a guardian *ad litem* for a minor defendant under 60-408 and 60-409, *supra,* nor can a guardian *ad litem* be appointed, until valid service has been obtained upon the minor and jurisdiction over him acquired as the code directs. (*Martin v. Battey,* 87 Kan. 582, 125 Pac. 88; and *Godsoe v. Harder,* supra.) Conversely, jurisdiction over the minor, Harry Joseph Reitz, Jr., in the instant action having been acquired by personal service of summons upon him in Douglas County, the trial court erred in its refusal to consider the appellant's application for the appointment of a guardian *ad litem.*

The appellant has filed a motion to strike portions of the appellee's brief consisting of an appendix, disclosing facts which were not before the trial court, and were not in the abstract or set forth in a counter abstract, and arguments based thereon. Finding the appellant's objections valid and such practice contrary to the rules of this court, the motion to strike is sustained. The matters set forth in the appendix to the appellee's brief and arguments based thereon have been ignored in our decision.

The order of the lower court quashing service of summons upon the minor defendant, Harry Joseph Reitz, Jr., is reversed with directions to appoint a guardian *ad litem* and proceed in the cause.