No. 41,993

MARTHA E. WALKER, *Appellant*, v. GEORGE ROBERT GRAY and
HAROLD FENBERG, *Appellees*.

(357 P. 2d 800)

Opinion filed December 10, 1960.

*Henry G. Eager*, of Kansas City, Missouri, argued the cause, and *David W. Carson*, of Kansas City, and *Arthur M. Wright*, of Kansas City, Missouri, were with him on the briefs for the appellant.

*Robert H. Bingham*, of Kansas City, argued the cause, and *J. E. Schroeder, Lee E. Weeks, L. O. Thomas, J. D. Lysaught, Richard Millsap, Ervin G. Johnston, Miles D. Mustain* and *Robert S. Wunsch*, of Kansas City, were with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal taken in two consolidated district court actions from identical orders sustaining defendants' separate motions to quash service of process on them. In the two suits, the plaintiff (appellant), Martha E. Walker, sought to recover damages from the defendants (appellees), George Robert Gray and Harold Fenberg, for her personal injuries and for the alleged wrongful death of her husband, Forest F. Walker, arising out of an automobile collision upon the Kansas Turnpike in Lyon county. The vehicles involved were a Ford truck owned by defendant Fenberg and operated by his employee, defendant Gray, sixteen years of age, and a DeSoto automobile driven by the plaintiff's husband, now deceased, in which plaintiff was riding.

Defendant Fenberg resides in Leavenworth county and operates a paint supply business therein. Defendant Gray, a minor, was Fenberg's agent and employee in the capacity of a shop painter and

truck driver, and resides in Kansas. Gray was allegedly emancipated by virtue of his employment, and his divorced mother, Mrs. Lillian Boatman, resided in Oklahoma. At the time of the collision in question, Gray was driving his employer's truck on a business trip when the fatal accident and injury occurred.

The actions were filed in Wyandotte county and the minor defendant, Gray, under the provisions of G. S. 1949, 60-408, was personally served with summons in that county. Defendant Fenberg, under the provisions of G. S. 1949, 60-2502, was personally served with summons in Leavenworth county. Gray's mother, Mrs. Boatman, resided in Shawnee, Pottawatomie county, Oklahoma, and could not be served with summons in Kansas. At the request of plaintiff, summons was issued, directed to the sheriff of Pottawatomie county, Oklahoma, which was personally served by that sheriff on the mother as natural guardian of defendant Gray.

The determinative question is whether the provisions of G. S. 1949, 60-408 contemplate that a minor defendant may be served with summons in Kansas and thereby confer jurisdiction upon the trial court, when his natural guardian, a nonresident, cannot be served in Kansas or with valid process in the state of his residence. There can be no question that if the service of process on defendant Gray was valid under section 60-408, conferring jurisdiction upon the trial court, then service on defendant Fenberg was valid under G. S. 1949, 60-2502, and the trial court was in error in sustaining the respective motions to quash.

This identical question was raised in *Dougan, Administratrix v. McGrew*, No. 41,949, 187 Kan. 410, 357 P. 2d 319, this day decided, where we said:

"The provisions of G. S. 1949, 60-408, which authorize service of process on minors the same as upon other persons defendants in action, and require that 'if there be a natural or legally appointed guardian for such minor,  . . . service shall also be made in the same manner upon such guardian,' contemplate that a minor defendant may be served with summons in Kansas in an *in personam* action, and thereby confer jurisdiction upon the trial court over him, when his father and natural guardian, a nonresident, cannot be served in Kansas, or with valid process in the state of his residence, where there is no legally appointed guardian for such minor."

Based upon what was said and held in the mentioned case, the service of summons upon defendant Gray was sufficient to confer jurisdiction upon the Wyandotte county district court; and inasmuch as service was had on defendant Fenberg in accordance with section

60-2502, the trial court erred in sustaining the respective motions to quash. The judgment of the trial court is reversed under authority of *Dougan, Administratrix v. McGrew,* supra, and the case is remanded with directions to the trial court to set aside its orders sustaining the motions to quash.

It is so ordered.