(674 P.2d 1062)
No. 55,155

JOSEPHINE L. PESTOCK, *Appellant,* v. STATE FARM AUTOMOBILE INSURANCE COMPANY, *Appellee.*

Opinion filed January 19, 1984.

*John H. Fields,* of Carson, Fields, Boal, Jeserich and Asner, of Kansas City, for the appellant.

*Gerald L. Rushfelt,* of Rushfelt, Mueller, Druten and Moran, of Overland Park, for the appellee.

Before ABBOTT, P.J., PARKS, J., and HARRY G. MILLER, District Judge Retired, assigned.

*Per Curiam:* This is an action brought by plaintiff to recover no-fault benefits from the defendant insurance company. The plaintiff has appealed from an order of the court sustaining the defendant's motion to dismiss.

The lawsuit arises out of an incident that occurred in front of plaintiff's house in which plaintiff's minor daughter was struck and fatally injured by a car being driven by George Mitchell. Plaintiff neither observed nor heard the accident, but was told of its occurrence and arrived at the scene a few minutes later. Plaintiff subsequently required psychiatric care. There is now pending in the District Court of Wyandotte County a lawsuit brought by plaintiff against George Mitchell seeking to recover for her own emotional and physical injuries and the expenses of her injuries which she claims were caused by the negligence or "fault" of George Mitchell in hitting her daughter with his car.

The present suit before this court is a separate action brought by plaintiff against the driver's insurance carrier in which she

seeks to recover only for the expenses of her injuries (PIP benefits) on a "no-fault basis."

Plaintiff contends that the purpose of the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.*, is to make no-fault benefits available to compensate persons for accidental bodily injury "arising out of the . . . use of" a motor vehicle. K.S.A. 40-3102.

The phrase "arising out of the . . . use of" imparts a more liberal concept of causation than "proximate cause." *Farm Bureau Mut. Ins. Co. v. Evans,* 7 Kan. App. 2d 60, 63, 637 P.2d 491 (1981), *rev. denied* 231 Kan. 800 (1982). Thus it is not necessary to find that the injury was directly and proximately caused by the use of a vehicle to impart liability under the no-fault statute.

Plaintiff argues that regardless of whether or not she may have a cause of action against Mitchell for her injuries, there is sufficient causal connection or relation between his use of his vehicle and her injuries to allow her to recover PIP benefits if she is not required to allege actual physical contact between her person and the insured motor vehicle.

The term "arising out of the . . . use of" is a threshold requirement for recovery under the Kansas no-fault act. Beyond this threshold requirement, K.S.A. 40-3107(*f*) and 40-3109 enumerate the persons who are covered under the act. Those enumerated are: the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a motor vehicle. The plaintiff does not fall within any of these categories.

Plaintiff argues, however, that in order to achieve the legislative purpose of compensating persons for accidental bodily injury arising out of the use and operation of a motor vehicle, the words "struck by" should be deleted from the requirement of K.S.A. 40-3107(*f*).

The language of the statute is plain and unambiguous, and it is not the function of the court to rewrite statutes. *Dougan, Administratrix v. McGrew,* 187 Kan. 410, 357 P.2d 319 (1960).

Plaintiff also asserts that recovery is permitted under the policy issued by the defendant insurance company, which allegedly broadens coverage by extending PIP benefits to persons

who sustain bodily injury "through direct physical contact with" the insured car. Specifically, plaintiff claims that the use of the word "through" imparts a broader meaning than traditional concepts of proximate cause, and since plaintiff sustained bodily injury which was "through" or "by reason of" her daughter's direct contact with the insured car, the policy requirements are met.

The provisions of the policy are neither ambiguous nor conflicting. A fair reading of the policy compels the conclusion that the policy places the same limits on PIP benefits as does the Kansas Automobile Injury Reparations Act. The plaintiff's contention is without merit.

Affirmed.