(908 P.2d 1345)

No. 73,478

GLORIA FALCON ELLIOTT, *Appellee*, v. DILLON COMPANIES, TRANSPORTATION INSURANCE COMPANY, JOHN HAYES, and DEBBIE VERREN, *Appellants*.

Opinion filed January 5, 1996.

*Bryce A. Abbott*, of Hershberger, Patterson, Jones & Roth, L.C., of Wichita, for appellants.

*John D. Shultz* and *Donald E. Shultz*, of Shultz & Associates, P.A., of Dodge City, for appellee.

Before BRAZIL, C.J., GERNON and ROYSE, JJ.

ROYSE, J.: Gloria Elliott brought this civil action under K.S.A. 44-5,121. The defendants filed motions to dismiss, which the district court denied. The defendants bring this interlocutory appeal.

Elliott had filed a workers compensation claim against her employer, Dillon Companies, and its insurance carrier, Transportation Insurance Company. John Hayes was the attorney who represented

Dillons and Transportation Insurance Company in the workers compensation case. Debbie Verren was the insurance adjuster who handled Elliott's compensation claim.

Elliott later filed this separate cause of action under K.S.A. 44-5,121, claiming that Dillons, Transportation Insurance, Hayes, and Verren (defendants) had committed fraudulent and abusive acts or practices. Specifically, Elliott claimed the defendants willfully and intentionally refused to pay her workers compensation benefits.

The defendants filed motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. The defendants contended that K.S.A. 44-5,121 does not authorize suits by workers compensation claimants. The district court denied the motions and certified that an immediate appeal would materially advance the litigation. See K.S.A. 60-2102(b).

The interpretation of K.S.A. 44-5,121 presents a question of first impression. The statute provides:

"(a) Any person who has suffered economic loss by a fraudulent or abusive act or practice shall have a cause of action against any other person to recover such loss which was paid as benefits or other amounts of money which were paid under the workers compensation act and to seek relief for other monetary damages from such other person based on a fraudulent or abusive act or practice, except that such other monetary damages shall not include damages for nonpecuniary loss.

"(b) Nothing in this section or K.S.A. 44-5,120 and amendments thereto shall prohibit an employer from exercising a right to reimbursement under K.S.A. 44-534a, 44-556 or 44-569a and amendments thereto."

The sole issue in this case is whether a workers compensation claimant may bring a cause of action under K.S.A. 44-5,121. Statutory interpretation is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). An appellate court has unlimited review of questions of law. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

It is a fundamental rule of statutory construction, to which all others are subordinate, that the intent of the legislature governs when the intent can be ascertained. *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992). "When a statute is plain and unambiguous, the court must give effect to the intention of the leg-

islature as expressed, rather than determine what the law should or should not be." 250 Kan. 621, Syl. ¶ 2.

The court must not consider only certain isolated part or parts of an act, but must construe the several provisions of an act together, *in pari materia*, so as to reconcile and bring them into workable harmony and to give effect to the entire statute if it is reasonably possible to do so. See *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992). The legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results. 251 Kan. at 520.

Although the syntax of 44-5,121(a) is awkward, the subject of the sentence is clear: "any person who has suffered economic loss by a fraudulent or abusive act or practice." This plain and unambiguous language indicates that *anyone* who has suffered economic loss as a result of some fraudulent or abusive act or practice in the workers compensation context may bring a cause of action. Use of this broad language indicates the legislature did not intend to exclude claimants from the scope of the statute.

With respect to the sentence predicate, any person who has suffered economic loss by a fraudulent or abusive act or practice "shall have a cause of action against any other person" for two types of relief. K.S.A. 44-5,121(a). First, the person has a cause of action "to recover such loss which was paid as benefits or other amounts of money which were paid under the workers compensation act." K.S.A. 44-5,121(a). Under this portion of the statute, for example, an employer who was fraudulently induced into paying disability or medical benefits would be able to recover those benefits.

Second, the person has a cause of action "to seek relief for other monetary damages from such other person based on a fraudulent or abusive act or practice, except that such other monetary damages shall not include damages for nonpecuniary loss." K.S.A. 44-5,121(a). Under this portion of the statute, anyone who has suffered economic loss by a fraudulent act or practice may recover monetary damages other than benefits or monies paid under the act.

The defendants argue that the conjunction "and" between the two types of relief shows the legislature only created one cause of

action. Under the defendants' interpretation of the statute, a person may obtain recovery under K.S.A. 44-5,121(a) only if the person has paid out benefits as a result of some fraudulent or abusive act or practice. This argument is not persuasive.

First, as noted above, K.S.A. 44-5,121(a) authorizes a claim by "[a]ny person who has suffered economic loss by a fraudulent or abusive act or practice." If the legislature had intended to limit the subject of the statute to those who have paid out benefits, it could easily have done so. It is not the function of the court to rewrite the statute under the guise of interpretation. See *Pestock v. State Farm Auto. Ins. Co.*, 9 Kan. App. 2d 188, 189-90, 674 P.2d 1062 (1984).

Second, the defendants focus entirely on a portion of one clause of the statute which refers to benefits paid. The defendants assume that because claimants never pay benefits, the legislature intended to exclude claimants from the scope of K.S.A. 44-5,121. This argument overlooks the balance of the clause, "or other amounts of money which were paid under the workers compensation act," and the fact that claimants do sometimes pay money under the Workers Compensation Act. See K.S.A. 44-504(c) and (g) (attorney fees ordered paid by court in action against third party); 44-510(d) (treatment by prayer or spiritual means); 44-536 (attorney fees); 44-553 (witness fees); and 44-555 (reporter's fees). In short, the clause relied on by the defendants provides no basis for concluding that the legislature intended to exclude claimants from the scope of K.S.A. 44-5,121.

The defendants acknowledge that under their view of the statute, a person could recover damages only if he has sustained both types of loss: fraudulently induced payments *and* other monetary damages. Thus, under the defendants' interpretation, a person could recover "other monetary damages" only if he also seeks to recover "loss which was paid as benefits or other amounts." Conversely, under the defendants' reading of the statute, a person who sought to recover benefits paid could recover only if he had sustained other monetary damages.

The defendants' view of the statute is contrary to the manifest purpose of the legislature: to afford a remedy to those who are

damaged by fraudulent acts or practices in a workers compensation proceeding. If the legislature intended to restrict this remedy to situations where recovery of other damages is related to recovery of payments fraudulently induced, the legislature would have spelled out the restriction. Instead, the legislature afforded a right of recovery to any person who suffers economic loss by "*a* fraudulent or abusive act or practice."

In short, the plain language of the statute authorizes any person, including a claimant, who has suffered economic loss by a fraudulent or abusive act or practice to bring a cause of action under K.S.A. 44-5,121. This conclusion is consistent with the expressed legislative intent for the Workers Compensation Act:

"It is the intent of the legislature that the workers compensation act shall be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder." K.S.A. 44-501(g).

This conclusion is also reinforced by review of the other antifraud provisions adopted by the legislature in 1993. K.S.A. 44-5,120(b) specifically states that the section applies to "[p]ersons claiming benefits," employers, insurance carriers, those who render medical care to injured employees, attorneys, and others subject to the Workers Compensation Act. K.S.A. 44-5,120(d) provides a nonexclusive list of fraudulent acts or practices, which includes obtaining or denying benefits by making a false or misleading statement; prosecuting or defending an action for compensation that has no basis in fact; and breaching an agreement approved by the Director. K.S.A. 44-5,125(a) details the fraudulent acts or practices which constitute crimes, including knowingly obtaining or denying workers compensation benefits by fabricating, altering, concealing, or destroying a document. Finally, K.S.A. 44-5,125(b) requires any person who received any payment or otherwise benefitted monetarily as a result of such criminal conduct to repay the amount with interest. These statutes clearly apply to claimants, as well as employers and insurers.

Viewed in the context of the other provisions of the fraud and abuse article of Chapter 44, K.S.A. 44-5,121 authorizes suits by workers compensation claimants.

The defendants argue that K.S.A. 44-512a and K.S.A. 44-512b provide remedies to a claimant when compensation is not paid. Those sections, however, do not purport to address situations involving fraudulent or abusive conduct as defined in the more recent enactment, K.S.A. 44-5,120. The defendants' reliance on *Hormann v. New Hampshire Ins. Co.*, 236 Kan. 190, 689 P.2d 837 (1984), is likewise misplaced. That decision rejected a claim that employees could bring common-law actions for fraud; it did not interpret a statute which authorizes a cause of action to recover economic loss resulting from fraudulent or abusive conduct.

Finally, we note that the defendants refer in passing to the doctrine of exhaustion of administrative remedies. The defendants do not specify an administrative remedy which must be exhausted before pursuing a cause of action under K.S.A. 44-5,121. Instead, this reference seems merely to be another way of arguing that a claimant may only proceed under provisions of the Workers Compensation Act, other than K.S.A. 44-5,121. For all the foregoing reasons, this assertion is not persuasive.

In conclusion, the district court did not err in holding that Elliott's cause of action was authorized by K.S.A. 44-5,121.

Affirmed.